PER CURIAM.
 

 Thomas Carroll appeals from the district court’s order affirming the bankruptcy court’s grant of summary judgment to Angela Tese-Milner, the Chapter 7 bankruptcy trustee of Red Dot Scenic, ' Inc. (“Red Dot” or “debtor”). Tese-Milner brought an adversary proceeding to avoid allegedly fraudulent conveyances of Red Dot’s funds under 11 U.S.C. § 548(a)(1). In the conveyances in question, David Bruñe, the sole shareholder of Red Dot, wrote four checks drawn on Red Dot’s corporate checking account to Carroll towards payment of a personal debt related to Brune’s purchase of Carroll’s interest in Red Dot. Bruñe never reimbursed Red Dot for the amount of the checks.
 

 Under 11 U.S.C. § 548, the bankruptcy trustee is permitted to avoid any transfers within one year of the filing date for Chapter 11 for which the debtor did not receive reasonably equivalent value, and at which time the debtor was insolvent or because of which the debtor became insolvent.
 
 See
 
 11 U.S.C. § 548(a)(1). Neither party contests that the requirements of section 548 were met. If the recipient of debtor funds was the initial transferee, the bankruptcy code imposes strict liability and the bankruptcy trustee may recover the funds.
 
 See
 
 11 U.S.C. § 550(a). If the recipient was not the initial transferee, however, he or she may assert a good faith defense.
 
 See
 
 11 U.S.C. § 550(b). The sole issue on appeal is whether Carroll is the initial transferee of the debtor’s funds under 11 U.S.C. § 550(a)(1) and therefore is strictly liable for their return.
 

 In a well-reasoned and thorough opinion, Chief Judge Mukasey concluded that, because the funds moved from Red Dot’s account directly to Carroll, Carroll was the initial transferee and was therefore required to return the funds regardless of any potential good faith defense.
 
 In re Red Dot Scenic, Inc.,
 
 293 B.R. 116, 122 (S.D.N.Y.2003). Bruñe, who exercised no control over the funds at issue once they were transferred from Red Dot’s account, was not the initial transferee.
 
 Id.
 
 at 123. We agree with both the district court’s conclusion and its reasoning, and we therefore affirm on the opinion of the district court.